IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HERMAN ELLIS, JR. | : | |
| Petitioner | : | |
| v | : | Civil Action No. WDQ-05-2550 |
| MARYLAND DEPARTMENT OF CORRECTION, *et al.* | : | |
| | : | |
| Respondents | | |

o0o
### **MEMORANDUM**

Pursuant to this Court's Order of September 20, 2005, Respondents have filed an Answer to the above-captioned Petition for Writ of Habeas Corpus, asserting that it is time-barred. Paper No. 4. Petitioner has filed a Rebuttal to the Answer. Paper No. 7. Upon review of the papers filed, this Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons stated below, the Petition for Writ of Habeas Corpus shall be denied.

Background

On March 16, 1999, Petitioner was convicted by a Baltimore City Circuit Court Judge of possession of heroin with intent to distribute. Paper No. 4 at Ex. 1 and 2. The conviction was appealed to the Maryland Court of Special Appeals, which issued an unreported opinion affirming the conviction on August 4, 2000. *Id*. at Ex. 2. A petition for writ of certiorari, filed with the Maryland Court of Appeals, was denied on December 8, 2000. *Id*. at Ex. 3. Petitioner's conviction became final when the time seeking further review in the United States Supreme

Court expired[1] on March 8, 2001.

Petitioner filed a petition for post conviction relief in the Circuit Court for Baltimore City on June 1, 2001. *Id*. at Ex. 1. The petition was later withdrawn on October 17, 2001. *Id*. at Ex. 4. A second petition for post-conviction relief, filed on July 30, 2002, and later denied on April 12, 2004. *Id*. at Ex. 1. Petitioner filed an application for leave to appeal with the Court of Special Appeals which was summarily denied on February 10, 2005. *Id*. at Ex. 5. The mandate of the Court of Special Appeals was issued on March 14, 2005. *Id*.

Standard of Review

There is a one year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This one year period is, however, tolled while properly filed post conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2).; *See also Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).

The one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] *See* Supreme Court Rule 13.1 specifying 90 days after the entry of an order denying discretionary review as the time limit for seeking further review in the Supreme Court.

28 U.S.C. § 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party'." *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris*, 209 F. 3d at 330.

Analysis

Petitioner's conviction was final for purposes of federal habeas review on March 8, 2001. While Petitioner's first petition for post-conviction relief was pending, from June 1, 2001 to October 17, 2001, the statute of limitations was tolled. At the time Petitioner withdrew his petition for post-conviction relief, he had until July 25, 2002, to file his federal habeas corpus petition.[2] Prior to the expiration of the limitations period, Petitioner did not have any post-conviction petitions or other appeals pending which would have further tolled the statute of limitations.

The instant petition has been filed beyond the one-year limitation period and Petitioner does not claim that any of the exceptions noted in § 2244(d)(1) apply to his case. Instead, Petitioner asserts he is entitled to an equitable tolling of the statute of limitations based on his October 26, 2004, transfer to the Delaware Department of Corrections for service of his Maryland sentence under the Interstate Corrections Compact. Paper No. 7. He claims that his transfer prohibited him from receiving notice that the Maryland Court of Special Appeals had ruled on his application for leave to appeal. *Id.* He further claims that his efforts to seek proper

---

[2] The statute of limitations was tolled for a period of 139 days. The original filing deadline was March 8, 2002. When the period of tolling is accounted for, the new filing deadline is July 25, 2002.

post-conviction relief were thwarted by a lack of cooperation from the Public Defender's Office. *Id*. Petitioner concludes that these factors were impediments beyond his control warranting an equitable tolling of the statute of limitations. *Id*.

The factors cited by Petitioner occurred after the limitations period already had expired. Accordingly, they cannot form a basis for tolling the statute of limitations. In light of the untimely filing and Petitioner's failure to assert circumstances which would warrant an equitable tolling of the statute of limitations, the Petition for Writ of Habeas Corpus shall be denied. A separate Order follows.


<u>January 25, 2006</u>               _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge